UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY    :
COMMISSION,                     :
                                :
         Plaintiff,            :    Civil Action No.:
                                :
v.                              :    COMPLAINT
                                :    JURY TRIAL DEMANDED
FYC INTERNATIONAL, INC. d/b/a FYC :
APPAREL GROUP, LLC.,            :
                                :
         Defendant.            :
-----------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Yaritza Hueca, Rosemarie Nieves, Sandi Victorio and similarly aggrieved female employees who were affected by such unlawful practices. As alleged with greater specificity below, Defendant FYC International, Inc. ("Defendant") has subjected a class of female employees to a hostile work environment by harassing them because of their sex (female), in continuing violation of Title VII. As set forth in detail below, Hueca, Nieves, Victorio and other female employees have been sexually harassed by Defendant's Warehouse Operations Manager and other male employees.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a)(1), 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-2(a)(1),

1

2000e-5(f)(1)and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The alleged unlawful employment actions were and are now being committed within the jurisdiction of the United States District Court for the District of Connecticut.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation under the laws of Connecticut, doing business in the cities of East Haven and Branford, Connecticut, having its headquarters and registered office at 30 Thompson Road, Branford, Connecticut, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit Hueca, Nieves, and Victorio filed charges of discrimination with the Commission alleging violations of Title VII by Defendant.

7. The Commission issued to Defendant a Letter of Determination dated June 13, 2014, notifying Defendant that the Commission found reasonable cause to believe that

Defendant discriminated against Hueca, Victorio, Nieves, and a class of similarly aggrieved females because of their sex by subjecting them to a hostile work environment.

      8.      The conciliation efforts required by law have occurred and were unsuccessful:

           a.      On June 13, 2014, the Commission issued to Defendant a Letter of Determination inviting Defendant to join with the Commission in informal methods of conciliation.

           b.      On July 23, 2014, Defendant by letter rejected the Commission's invitation to engage in conciliation.

      9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

      10.      During the time period from at least January 2007, and continuing through the present, Defendant has engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.  These unlawful practices include, but are not limited to, the following:

           a.      Defendant has engaged and continues to engage in the unlawful practice of sex discrimination against its female employees working in its Branford and East Haven facilities by subjecting them to sexual harassment, and by creating and maintaining a hostile work environment because of their sex (female);

           b.      Defendant subjected Hueca, Nieves, Victorio, and other female employees working in its warehouses in Branford and East Haven, Connecticut to sexual harassment on the basis of their sex (female);

           c.      At all relevant times, Defendant's Warehouse Operations Manager has been the top ranking manager overseeing Defendant's warehouses in Branford and East Haven, Connecticut;

    d. Since at least January 2007, Defendant's Warehouse Operations Manager has routinely made sexual comments and gestures to Hueca, Nieves, Victorio, and other female employees, such as propositioning them for sex, asking them to engage in threesome sexual encounters and telling them on a weekly basis that he needed sex;

    e. As another example, Defendant's Warehouse Operations Manager made comments to Hueca about her "big titties" and regularly commented to Hueca, Nieves, Victorio, and other female employees about how "good" they looked in tight clothing. At all times, the comments and gestures were unwanted;

    f. Defendant's Warehouse Operations Manager on almost a daily basis inappropriately touched Hueca, Nieves, Victorio, and other female employees as they worked on the warehouse floor by grabbing them by the waist or rubbing their backs as he walked by them. At all times, the touching was unwanted;

    g. Defendant's Warehouse Operations Manager regularly asked Hueca, Nieves, Victorio, and other female employees explicit details about their sexual encounters including, for example, whether they slept with other women, and offered them money in exchange for sex;

    h. Since at least January 2007, Defendant's Warehouse Operations Manager's harassment of Hueca, Nieves, Victorio, and other female employees has fostered a hostile work environment that has encouraged other male employees to also sexually harass other female employees. For example, other male employees have engaged in sexual harassment by maintaining pornographic photographs at their workstations and by asking female employees sexually explicit questions such as "how many dicks have you sucked?"

    i. Male employees also openly have had conversations about their sexual encounters within earshot of Defendant's Warehouse Operations Manager and female employees.  Defendant's Warehouse Operations Manager knew or should have known that open and sexually charged conversations were commonplace amongst male employees on the warehouse floor.

  11. The effect of the practices complained above has been to deprive Hueca, Nieves, and Victorio and other female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

  12. The unlawful employment practices complained of above were and are intentional.

  13. The unlawful employment practices complained of above have been done with malice or with reckless indifference to the federally protected rights of Hueca, Nieves, Victorio and other female employees.

## **PRAYER FOR RELIEF**

  Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexually harassing conduct and other employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make whole Hueca, Nieves, Victorio, and other similarly aggrieved female employees by providing compensation for past and future pecuniary losses resulting

from the unlawful employment practices described above, in amounts to be determined at trial.

D. Order Defendant to make whole Hueca, Nieves, Victorio, and other similarly aggrieved female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain and suffering, embarrassment, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendant to pay Hueca, Nieves, Victorio, and other similarly aggrieved female employees punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:      New York, NY
            September 25, 2014

Respectfully Submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

131 M Street, N.E.

Washington, D.C. 20507

_/s/ Robert D. Rose_____
ROBERT D. ROSE
Regional Attorney

_/s/ Jeffrey Burstein_____
JEFFREY BURSTEIN
Supervisory Trial Attorney

_s/ Jadhira Rivera_____
Jadhira Rivera (JR3339)
Trial Attorney
One Newark Center, 21st Floor
Newark, New Jersey 07102
Telephone: (973) 645-6025
Facsimile: (973) 645-4524
E-mail: jadhira.rivera@eeoc.gov